## No. 277
### DOURM v. CALEDONIAN INS. CO.
Ohio Appeals, 9th Dist., Summit County
No. 761. Decided Jan. 16, 1924

647. INSURANCE—Evidence to show a waiver of the conditions of a policy of insurance is not admissible, unless a foundation therefore is laid in the pleadings.

FUNK, P. J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action to recover on an insurance policy brought in the Common Pleas of Summit County, wherein Florence B. Dourm was plaintiff and The Caledonian Insurance Co. of Scotland, was defendant. The petition declared that defendant had insured Dourm's automobile for $2,800; that said automobile was destroyed by fire causing a total loss amounting to $2,800; that Dourm had duly performed all the conditions on her part to be performed; and that defendant had failed to pay any part of said loss. Defendant, by way of answer, denied any liability and alleged that Dourm did not comply with all the conditions of the policy; that the policy provided that defendant company should not be liable beyond the actual cash value of the property at the time of loss; that the ascertainment and estimate of the amount of loss should be made by the assured and the company, and if they differed, then by the appraisal of the two appraisers and an umpire whose appointment was provided for by the terms of the policy; that no agreement as to the amount of loss had been reached between Dourm and the company; that no appraisers had been appointed and that Dourm had made no demand for their appointment as required by the provisions of the policy. The answer further denied that the value of the automobile was $2,800.

In reply, Dourm did not plead any waiver of the conditions of the policy, but she made only a general deniel of the answer. At the trial, Dourm offered to prove that defendant had waived certain conditions of the policy. This evidence was excluded by the trial court. Later, on motion of defendant, the court directed a verdict for defendant. Dourm prosecuted error. Held:

The rule is well established that to entitle an insured to maintain action to recover under a policy of insurance he must show either that he has performed the conditions or has a legal excuse for the non-performance thereof. Evidence is not competent to prove a waiver of the conditions on an insurance polciy, or a legal excuse for the non-performance of such conditions, unless such waiver or legal excuse is averred in the pleadings. The trial court properly ruled out the evidence excluded. There was no error in granting the

## STATE COURT OF APPEALS—Continued

motion to direct a verdict for defendant. Judgment affirmed.

Attorneys—Owen M. Roderick, for Dourm; John H. McNeal and Lee J. Myers, for the Insurance Co., all of Cleveland.